# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-50166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH VERNON HOSTER,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(W-91-CR-168-1)

September 23, 1996

Before POLITZ, Chief Judge, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Keith Vernon Hoster appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

subsequent denial of his "Supplemental Addendum to Movant's 2255 Motion."

This court lacks jurisdiction to consider Hoster's appeal from the denial of his section 2255 motion because the notice of appeal is untimely, and Hoster failed to file an appropriate motion under Fed.R.App.P. 4(a)(6).[1]  Accordingly, that portion of the appeal is DISMISSED.

Assuming without deciding that the district court had jurisdiction over the "Supplemental Addendum," we conclude that the district court did not err in rejecting same.  Hoster's contention that the administrative forfeiture violated the double jeopardy clause is foreclosed by the recent opinion of the Supreme Court in **United States v. Ursery**.[2]  An *in rem* civil forfeiture was held to be neither punishment nor criminal for purposes of the double jeopardy clause.  The appeal from the district court's denial of Hoster's "Supplemental Addendum" is therefore AFFIRMED.

Hoster's motion for leave to file a reply brief out-of-time is DENIED.

AFFIRMED IN PART; DISMISSED IN PART.

---

[1] **Jones v. Estelle**, 693 F.2d 547 (5th Cir. 1982) (case dismissed for lack of jurisdiction because habeas petitioner failed to file notice of appeal until 13 months after entry of judgment), cert. denied, 460 U.S. 1072 (1983).

[2] 116 S.Ct. 2135 (1996) (a forfeiture under 21 U.S.C. § 881 is civil in nature and is an *in rem* proceeding).